IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD K. KOTOSHIRODO, Trustee in Bankruptcy for Hawaiian Super Prix, LLC, | ) ) ) ) | CV 05-00035 DAE-LEK |
| Plaintiff-Appellant, | ) ) | |
| vs. | ) ) | |
| CART, INC., ET AL., | ) ) | |
| Defendants-Appellees. | ) ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON DEFENDANT-APPELLEE
FRONTIER INSURANCE GROUP, INC.'S MOTION FOR ATTORNEYS'
FEES AND COSTS AND DEFENDANTS LYNDON INSURANCE GROUP, INC.
AND LYNDON PROPERTY INSURANCE COMPANY'S JOINDER IN
DEFENDANT-APPELLEE FRONTIER INSURANCE GROUP, INC.'S
<u>MOTION FOR ATTORNEYS' FEES AND COSTS, FILED OCTOBER 14, 2005</u>**

Before the Court, pursuant to a designation by United States District Judge David Alan Ezra, are Defendant-Appellee Frontier Insurance Group, Inc.'s ("FIGI") Motion for Attorneys' Fees and Costs ("Motion"), filed on October 14, 2005, and Defendants-Appellees Lyndon Insurance Group, Inc. ("LIG") and Lyndon Property Insurance Company's ("LPIC") (collectively, "Lyndon") joinder in the Motion ("Joinder"), also filed on October 14, 2005. FIGI requests $23,074.56 in attorneys' fees and $24.00 in costs, for a total award of $23,098.56, and Lyndon requests $71,341.02 in attorneys' fees and $629.00 in costs, for a total of $71,970.02. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court of the

District of Hawai`i ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing FIGI and Lyndon's submissions and the relevant case law, the Court FINDS and RECOMMENDS that FIGI's Motion should be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award FIGI attorneys' fees in the amount of $17,806.36 and costs in the amount of $24.00, for a total award of $17,830.36. The Court also FINDS and RECOMMENDS that Lyndon's Joinder should be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award Lyndon attorneys' fees in the amount of $37,577.19 and costs in the amount of $629.00, for a total award of $38,206.19.

## BACKGROUND

Hawaiian Super Prix, LLC ("HSP") was created in 1998 to organize and promote the Hawaiian Grand Prix, an automobile race that was to be held in November 1999 in the State of Hawai`i ("the Race"). Championship Auto Racing Teams, Inc. ("CART") agreed to sponsor the Race, on the condition that HSP obtain a performance bond to cover HSP's obligations to CART for 1999.

On February 4, 1999, HSP entered into an agreement with Frontier Insurance Company ("FIC"),[1] which issued a $5 million performance guarantee to CART for HSP's obligations for the Race.

---

[1] FIC, FIGI, LPIC, and LIG are related entities. FIGI is the parent corporation.

2

HSP later obtained a $4 million start-up loan from Commerce Bank by securing it with a $4.5 million guarantee bond via LPIC on March 23, 1999.  In August 1999, HSP requested and received a $2 million increase in their Commerce Bank line of credit.  HSP was required to secure the increase with a guarantee bond.  FIC secured the rider to the guarantee bond.  After HSP defaulted on its obligations to CART and on its interest payment for the Commerce Bank loan, both CART and Commerce Bank made claims on the various bonds in Fall 1999.

An involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against HSP on November 18, 1999. Paul Sakuda, the original Trustee in Bankruptcy for HSP,[2] ("Plaintiff-Appellant") filed an adversary pleading before the Bankruptcy Court on August 30, 2003.  In the complaint, Plaintiff-Appellant asserted that FIC, FIGI, LPIC, and LIG[3] were jointly and severally liable for HSP's debts relating to the Race.  Both sides filed motions for summary judgment.

On May 19, 2004, the Bankruptcy Court filed its Order Granting Defendants' Motions for summary Judgment and Denying Plaintiff's Motion for Summary Judgment.  Judgment for

---

[2] Ronald Kotoshirodo became the trustee after Mr. Sakuda's death in 2003.

[3] All proceedings against FIC were stayed because of the company's insurance rehabilitation.  FIG, LPIC, and LIG will be referred to collectively as "Defendants-Appellees".

Defendants-Appellees was entered on May 28, 2004.

Plaintiff-Appellant filed an appeal on August 27, 2004. Defendants-Appellees filed their answering briefs on October 11, 2004.  On October 19, 2004, the district court vacated the appeal and remanded it to the Bankruptcy Court because the issue of attorneys' fees and costs was still pending before that court.

The Bankruptcy Court granted Defendants-Appellees' motion for attorneys' fees and costs.  On December 10, 2004, it entered an opinion, an amended final judgment in favor of Defendants-Appellees, and an order awarding attorneys' fees and costs.

On December 17, 2004, Plaintiff-Appellant filed the instant appeal, seeking relief from the orders and judgment of the Bankruptcy Court.  Lyndon filed an answering brief and FIGI filed a supplemental answering brief.  FIGI filed a joinder in Lyndon's brief and Lyndon joined in FIGI's supplemental brief. Plaintiff-Appellant filed a consolidated reply brief.  The district court permitted Lyndon to file a surreply memorandum, which FIGI joined.

The district court affirmed the Bankruptcy Court's orders on September 29, 2005.  In particular, the district court ruled that the Bankruptcy Court did not abuse its discretion or erroneously apply the law in its analysis of Defendants-Appellees' entitlement to attorneys' fees.  The Bankruptcy Court

found that Count III sounded in assumpsit and that Defendants-Appellees were also entitled to attorneys' fees for Count I because legal work for Count I was necessary to provide representation for Count III.  The Bankruptcy Court reduced Defendants-Appellees' fee requests by fifteen percent so that they would not be compensated for work performed for non-assumpsit counts.

FIGI filed the instant Motion on October 14, 2005, pursuant to Rule 8014 of the Rules of Bankruptcy Procedure, Local Rule LR54.3, and Hawai`i Revised Statutes § 617-14.  FIGI seeks an award of $23,074.56 in attorneys' fees, representing 99.4 hours of work by Damon Key Leong Kupchak Hastert ("Damon Key") at hourly rates ranging from $95 to $300, and $24.00 in costs.  [Exh. A to Motion.]

Lyndon filed the instant Joinder on October 14, 2005, seeking attorneys' fees for local counsel, Alston Hunt Floyd & Ing ("Alston Hunt"), and mainland counsel, Seyfarth Shaw LLP ("Seyfarth Shaw").  Alston Hunt spent 27.9 hours at rates ranging from $40 to $285 per hour for a total of $6,823.52.  Seyfarth Shaw spent 273.3 hours at rates ranging from $145 to $415 per hour for a total of $64,517.5.  Lyndon also requests $324.20 in costs incurred by Alston Hunt and $304.80 in costs incurred by Seyfarth Shaw.  [Exhs. A-D to Joinder.]

Plaintiff-Appellant filed his memorandum in opposition

to the Motion and the Joinder on December 9, 2005.  Plaintiff-Appellant does not contest Defendants-Appellees' entitlement to attorneys' fees and costs in light of the district court's order affirming the Bankruptcy Court's orders.  Plaintiff-Appellant, however, argues that the Court should: 1) reduce Lyndon's fee requests to exclude $11,376.49 of Lyndon's fees, which were incurred in connection with issues litigated in the Bankruptcy Court; and 2) reduce FIGI's and Lyndon's total request for fees and costs by fifteen percent to avoid compensation for work performed on non-assumpsit claims.  Plaintiff-Appellant thus argues that the Court should award $19,633.78 in attorneys' fees and costs to FIGI and $51,504.93 in attorneys' fees and costs to Lyndon.

FIGI and Lyndon filed replies on December 19, 2005.  FIGI argued that it is entitled to its full request because the Bankruptcy Court's rationale for the fifteen-percent reduction does not apply to the appeal.  Lyndon stated that, in light of the limited amount of funds available in the HSP estate, it would not contest Plaintiff-Appellant's itemized objections.  Lyndon, however, emphasized that this decision was "without prejudice to Lyndon's rights and defenses with respect to the remainder of its fee and cost claims, including its position that any and all fees and costs awarded should be accorded administrative priority in the HSP bankruptcy."  [Lyndon Reply at 3.]

**DISCUSSION**

I.  **Entitlement to Attorneys' Fees**

When a bankruptcy court must decide a contract claim in connection with a bankruptcy petition, it generally applies state law in determining whether a breach of contract occurred and in determining whether to award attorneys' fees on the claim.  See In re Sparkman, 703 F.2d 1097, 1099 (9th Cir. 1983).  Defendants-Appellees seek an award of fees pursuant to Hawai`i Revised Statutes § 607-14, which states, in pertinent part:

> In all the courts, in all actions in the nature of assumpsit . . . , there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable . . . provided that this amount shall not exceed twenty-five per cent of the judgment.

Haw. Rev. Stat. § 607-14.  Insofar as the statute provides that attorneys' fees shall be taxed "[i]n all the courts," it also allows for the taxation of attorneys' fees on appeal.  See S. Utsunomiya Enters., Inc. v. Moomuku Country Club, 76 Hawai`i 396, 399, 879 P.2d 501, 504 (1994).  A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable.  See Blair v. Ing, 96 Hawai`i 327, 332, 31 P.3d 184, 189 (2001).  In the present appeal, Plaintiff-Appellant is the losing party because the district court affirmed the Bankruptcy Court's orders and entered judgment in favor of Defendants-Appellees.

Hawai`i courts calculate reasonable attorneys' fees based on a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Group L.P. v. Paiea Props., 110 Hawai`i 217, 222, 131 P.3d 500, 505 (2006).  The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See id. at 222-23, 131 P.3d at 505-06.  In addition, Hawai`i courts may consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai`i, 106 Hawai`i 416, 435, 106 P.3d 339, 358 (2005) (citations omitted). These factors, however, are merely guides; courts need not consider them in every case.  See id.  In certain types of cases, some of these factors may justify applying a multiplier to the "lodestar" amount.  See Chun v. Bd. of Trs. of Employees' Ret.

Sys. of Hawai`i, 92 Hawai`i 432, 442, 992 P.2d 127, 137 (2000).

FIGI requests the following amounts for work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Diane D. Hastert | 1.8 | $300 | $    540.00 |
| Michael A. Yoshida | 6.0 | $280 | $ 1,680.00 |
| Michael A. Yoshida | 20.6 | $300 | $ 6,180.00 |
| Tred R. Eyerly | 4.2 | $210 | $    882.00 |
| Tred R. Eyerly | 52.2 | $220 | $11,484.00 |
| Bonnie B. Sin | 14.6 | $ 95 | $ 1,387.00 |
| | | Damon Key Subtotal | $22,153.00 |
| | Hawai`i General Excise Tax @ 4.16% | | $    921.56 |
| | | Damon Key Total | $23,074.56 |

[Exh. A to Motion.]

Lyndon requests the following amounts for work performed in connection with this case:

| | | | |
|---|---|---|---|
| Louise K. Ing | 16.4 | $240 | $ 3,936.00 |
| Louise K. Ing | 9.5 | $285 | $ 2,707.50 |
| Donna K. Ahuna | 2.0 | $ 40 | $     80.00 |
| | | Courtesy discount | $   -172.50 |
| | | Alston Hunt Subtotal | $ 6,551.00 |
| | Hawai`i General Excise Tax @ 4.16% | | $    272.52 |
| | | Alston Hunt Total | $ 6,823.52 |

[Exh. D to Joinder.]

| | | | |
|---|---|---|---|
| Peter E. Romo | 21.7 | $395 | $ 8,571.50 |
| Peter E. Romo | 17.9 | $415 | $ 7,428.50 |
| Mark Fumia | 126.8 | $215 | $27,262.00 |
| Mark Fumia | 71.8 | $225 | $16,155.00 |
| Sean Broderick | 32.9 | $145 | $ 4,770.50 |
| Sean Broderick | 2.2 | $150 | $    330.00 |
| | Seyfarth Shaw Total | | $64,517.50 |
| | LYNDON'S GRAND TOTAL REQUEST | | $71,341.02 |

[Exh. A to Joinder.]

Ms. Hastert was admitted to the Hawai`i State Bar in 1978 and Mr. Yoshida was admitted in 1979. Mr. Eyerly has been an attorney since 1979 and was admitted to the Hawai`i State Bar in 1992. [Motion, Decl. of Tred R. Eyerly at ¶ 3.] Ms. Sin is a paralegal. Ms. Ing was admitted to the Hawai`i State Bar in 1979. A significant amount of her practice has been devoted to bankruptcy and commercial litigation matters. [Joinder, Decl. of Louise Ing at ¶ 3.] Ms. Ahuna is a paralegal.

Mr. Romo was admitted to the California State Bar in 1966, and was admitted pro hac vice to practice in this district. Much of Mr. Romo's practice has been devoted to insurance and bankruptcy matters. [Joinder, Decl. of Peter E. Romo at ¶¶ 1, 3.] Mr. Fumia was admitted to the California State Bar in 2001. Mr. Broderick is a paralegal.

### A. Reasonable Hourly Rate

The Hawai`i courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Hawai`i Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metropolitan Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)).  But see DFS Group, 110 Hawai`i at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  This Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in the instant case.

In determining what is a reasonable hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); see also Chun, 106 Hawai`i at 435, 106 P.3d at 358 (listing "the customary charges of the Bar for similar services"

as a factor that may be considered). The court may apply rates from outside the forum if local counsel is unavailable, either because they are unwilling to take the case or because they lack the level of experience and expertise to do so. See Gates, 987 F.2d at 1405. It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Although it is usually required that counsel submit additional evidence that the rate charged is reasonable, see id., this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. This Court finds that Lyndon has not established that local counsel was unwilling or unable to take this case. In fact, local counsel, Alston Hunt, contributed significantly to the representation. The Court must therefore reduce the requested hourly rates for the Seyfarth Shaw attorneys and support staff to be consistent with the prevailing rates in Hawai`i.

Based on this Court's knowledge of the prevailing rates in the community and the attorneys' submissions in this case, this Court finds that the following requested hourly rates are unreasonable: $300 for Ms. Hastert; $280 and $300 for Mr.

Yoshida; $95 for Ms. Sin; $285 for Ms. Ing; $395 and $415 for Mr. Romo; $215 and $225 for Mr. Fumia; and $145 and $150 for Mr. Broderick.  The Court finds the following hourly rates reasonable: Ms. Hastert - $250; Mr. Yoshida - $250; Ms. Sin - $80; Ms. Ing - $240; Mr. Romo - $250; Mr. Fumia - $175, and Mr. Broderick - $80.  The Court finds the requested hourly rates of $210[4] for Mr. Eyerly and $40 for Ms. Ahuna to be manifestly reasonable.

### B.    Reasonable Hours Spent

For the reasoning stated in Section I.A., this Court finds federal case instructive on the issue of the reasonable number hours expended on the instant case.  Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Hawai`i 1993) (citations omitted); see also Sharp v. Hui Wahine, 49 Haw. 241, 247, 413 P.2d 242, 246 (1966) (the party requesting fees has the burden to prove that the requested fees were reasonably and necessarily incurred).  The court must guard against awarding fees and costs which are excessive, and must determine which fees

---

[4] Insofar as the Court has applied a single rate to each of the other attorneys, the Court will do same for Mr. Eyerly.

13

and costs were self-imposed and avoidable. See <u>Tirona</u>, 821 F. Supp. at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987), <u>cert. denied</u>, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

      **1.**    **Specific Deductions**

Plaintiff-Appellant argues that the Court should reduce Lyndon's request by $11,376.49 for time spent on matters before the Bankruptcy Court.  Lyndon did not contest Plaintiff-Appellant's itemized objections to these items.  Further, this Court agrees that attorneys' fees incurred in matters outside of the instant appeal are not properly before this Court.  The Court therefore reduces Mr. Romo's time request by 11.7 hours and Mr. Fumia's time request by 31.5.

In addition, this Court also finds that there are a significant amount of duplicative fee entries between Lyndon's local counsel and mainland counsel.  Although Plaintiff-Appellant did not raise this issue, the Court must ensure that redundant work is not compensated.  This Court therefore reduces Ms. Ing's

time by 2.0 hours and Mr. Fumia's time by 5.0 hours.

### 2. **Percentage Deduction**

Plaintiff-Appellant also argues that this Court should reduce the amount of attorneys' fees requested by Defendants-Appellees by fifteen percent to account for the non-assumpsit claims.  FIGI responds that the fifteen-percent reduction is not warranted for the appeal because the appeal focused on assumpsit issues.  Further, even assuming *arguendo* that there were assumpsit and non-assumpsit issues on appeal, FIGI contends that apportionment of fees between the assumpsit and non-assumpsit claims is not practicable.

The Hawai`i Supreme Court has stated that "in ascertaining the nature of the proceeding on appeal, this court has looked to the essential character of the underlying action in the trial court."  Leslie v. Estate of Tavares, 93 Hawai`i 1, 5, 994 P.2d 1047, 1051 (2000).  Section 607-14 refers to "actions in the nature of assumpsit" and an appeal is a continuation of the action initiated in the trial court, not a separate action.  The fact that a party files an appeal does not transform the character of the action.  See id.  This Court therefore finds that the instant action contained assumpsit and non-assumpsit claims and that a fifteen-percent reduction in Defendants-Appellees' fee request, as applied by the Bankruptcy Court and affirmed by the district court, is appropriate.

### C. Total Award

Based on the foregoing, this Court finds that FIGI has established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Diane D. Hastert | 1.8 | $250 | $    450.00 |
| Michael A. Yoshida | 26.6 | $250 | $ 6,650.00 |
| Tred R. Eyerly | 56.4 | $210 | $11,844.00 |
| Bonnie B. Sin | 14.6 | $ 80 | $ 1,168.00 |
| | | Damon Key Subtotal | $20,112.00 |
| | | Hawai`i General Excise Tax @ 4.16% | $    836.66 |
| | | Damon Key Total | $20,948.66 |
| | | **FIGI TOTAL AFTER 15% REDUCTION** | **$17,806.36** |

This Court further finds that Lyndon has established the appropriateness of an award of attorneys' fees as follows:

| Louise K. Ing | 23.9 | $240 | $ 5,736.00 |
|---|---|---|---|
| Donna K. Ahuna | 2.0 | $ 40 | $     80.00 |
| | | Alston Hunt Subtotal | $ 5,816.00[5] |
| | | Hawai`i General Excise Tax @ 4.16% | $    241.95 |
| | | Alston Hunt Total | $ 6,057.95 |
| | | After 15% reduction | $ 5,149.26 |

---

[5] In light of the various deductions this Court applied, it is unnecessary to include the courtesy discount employed in Alston Hunt's request.

| | | | |
|---|---|---|---|
| Peter E. Romo | 27.9 | $250 | $ 6,975.00 |
| Mark Fumia | 162.1 | $175 | $28,367.50 |
| Sean Broderick | 35.1 | $ 80 | <u>$ 2,808.00</u> |
| | | Seyfarth Shaw Total | $38,150.50 |
| | | After 15% reduction | $32,427.93 |
| | | LYNDON GRAND TOTAL | <u>$37,577.19</u> |

This Court finds it unnecessary to adjust the award amounts based on the factors articulated in <u>Chun</u>.  <u>See</u> 106 Hawai`i at 435, 106 P.3d at 358.  Further, the attorneys' fees awarded in the Bankruptcy Court[6] and in the instant appeal do not exceed twenty-five percent of the judgment.  <u>See</u> Haw. Rev. Stat. § 607-14.  Plaintiff-Appellant's complaint alleged that Defendants-Appellees, among others, were liable all creditor claims filed against HSP and for all debts of the partnership.  The creditor claims alone exceeded $25 million.  [Complaint at ¶ 3.]

**III. <u>Costs</u>**

Defendants-Appellees request costs pursuant to Federal Rule of Bankruptcy Procedure 8014, which states, in relevant part:

> Except as otherwise provided by law, agreed to by the parties, or ordered by the district court or the bankruptcy appellate panel, costs shall be

---

[6] The Bankruptcy Court awarded FIGI $235,857.54 in attorneys' fees, including tax.  The court awarded Lyndon a total of $264,799.47, representing $37,986.60 in attorneys fees, including tax, for Alston Hunt, and $226,812.87 in attorneys' fees for Seyfarth Shaw.

17

> taxed against the losing party on an appeal. . . . Costs incurred in the production of copies of briefs, the appendices, and the record and in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal and the fee for filing the notice of appeal shall be taxed by the clerk as costs of the appeal in favor of the party entitled to costs under this rule.

Fed. R. Bankr. P. 8014.  Plaintiff-Appellant was the losing party on appeal, and Defendants-Appellees are entitled to costs.

FIGI requests reimbursement for $24.00 in copying costs incurred by Damon Key.  [Exh. A to Motion at 7.]  Lyndon requests reimbursement for $304.80 in copying costs incurred by Seyfarth Shaw, [Exh. B to Joinder,] and $324.20 in various costs incurred by Alston Hunt.  [Exhs. C & D to Joinder.]  Alston Hunt's costs consist of the following:

| | |
|---|---|
| Copying | $206.60 |
| Messenger service | $ 24.00 |
| Postage | $ 30.03 |
| Courier service | $ 62.64 |
| Long distance phone charges | <u>$  0.93</u> |
| Total Alston Hunt Costs Requested | $324.20 |

[Id.]

The Court notes that Defendants-Appellees have not provided any specific information about the costs incurred,

such as what documents were photocopied or the per page rates.  While the Court does not encourage the practice of submitting unsubstantiated requests for costs, the expenses appear reasonable and necessarily incurred in the instant appeal.  Further, Plaintiff-Appellant does not object to Defendants-Appellees' costs, except to argue that the Court should reduce the award of costs by fifteen percent.  This Court finds that it is unnecessary to reduce Defendants-Appellees' cost requests to account for non-assumpsit claims pursuant to Hawai`i Revised Statutes § 607-14 because they are entitled to costs pursuant to Rule 8014.  The Court therefore recommends that the district court award Defendants-Appellees' costs in full.

## **CONCLUSION**

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that FIGI's Motion for Attorneys' Fees and Costs, filed on October 15, 2005, be GRANTED IN PART and DENIED IN PART and that the district court award FIGI attorneys' fees in the amount of $17,806.36 and costs in the amount of $24.00, for a total award of $17,830.36.  The Court also FINDS and RECOMMENDS that Lyndon's Joinder in Defendant-Appellee Frontier Insurance Group, Inc.'s Motion for Attorneys' Fees and Costs, filed on October 14, 2005, be GRANTED IN PART and

DENIED IN PART.  The Court recommends that the district court award Lyndon attorneys' fees in the amount of $5,149.26 and costs in the amount of $324.20, for a total award of $5,473.46 for Alston Hunt, and attorneys' fees in the amount of $32,427.93 and costs in the amount of $304.80, for a total award of $32,732.73 for Seyfarth Shaw.  The Court recommends a grand total award to Lyndon of $38,206.19.

       IT IS SO FOUND AND RECOMMENDED.

       DATED at Honolulu, Hawai`i, August 17, 2006.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
United States Magistrate Judge

**RONALD K. KOTOSHIRODO V. CART, INC., ET AL.; CIVIL NO. 05-00035 DAE-LEK; REPORT OF SPECIAL MASTER ON DEFENDANT-APPELLEE FRONTIER INSURANCE GROUP, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS AND DEFENDANTS LYNDON INSURANCE GROUP, INC. AND LYNDON PROPERTY INSURANCE COMPANY'S JOINDER IN DEFENDANT-APPELLEE FRONTIER INSURANCE GROUP, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS, FILED OCTOBER 14, 2005**